531 So.2d 492 (1988)
Eustice J. FALGOUT
v.
James R. WILSON and Champion Insurance Company.
No. CA 87 0754.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
Rehearing Denied July 22, 1988.
Writ Denied October 21, 1988.
*493 James R. Dagate, Houma, for plaintiff and appelleeEustice J. Falgout.
James M. Bookter, Baton Rouge, for defendants and appellantsChampion Ins. Co. and James R. Wilson.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
This case arises out of an automobile accident which was allegedly caused by the intoxication of the defendant motorist. He lost control of his vehicle, crossed the center line of the highway and collided with the plaintiff's automobile, causing the property damage for which he and his insurer were sued. Personal injury damages are not sought in the action. However, plaintiff seeks exemplary damages permitted under La.C.C. art. 2315.4.
The question before the court, on the insurer's appeal, is whether the liability policy issued by Champion Insurance Company covers an award for exemplary damages.
We find that the language of the policy, which makes the insurer liable for "all sums which the insured shall become legally obligated to pay" because of "injury to or destruction of property, including loss of use thereof ... arising out of the ownership, maintenance or use of the owned automobile," imposes liability on the insurer for exemplary damages. The words "all sums" is very broad; they clearly extend coverage to all sums that the insured is legally obligated to pay. This language does not limit coverage merely to "compensatory damages." There is no exclusionary or limiting clause pertaining to the intoxicated condition of the insured motorist.
Moreover, the insured has a reasonable expectation of coverage for driving while intoxicated unless such coverage is expressly excluded.
In finding for the plaintiff, including the awarding of exemplary damages, the trial judge expressed his oral reasons for judgment, as follows:
All right. As to the question of damage, first of all, there is agreement, essentially, between the two expert witnesses as to the value of the vehicle. There's very little difference in the two. The essential difference, in their opinions, has to do with the cost of repairing the vehicle. I am satisfied that the plaintiff has established, by a preponderance of the evidence, that the vehicle became a total loss. I find that its value was seventeen hundred forty-eight dollars, less a salvage value of fifty dollars, thus producing a net value of sixteen hundred ninety-eight dollars. I will award that amount to the plaintiff.
As to the rental of the truck, again, I am satisfied as to the per diem quantum that he paid. I'm satisfied that he paid it. That is $925.00. I will grant judgment for that amount, as well.
As far as an award for the business loan, there is no connection, whatever, between the business loan and this occurrence.
I will not make an award for the purchase price of the replacement vehicle. I don't think the law provides that. I think the law provides that he is to be compensated for the loss of the vehicle, which he lost, and which I've already done, not for the replacement. He can't get both. In any event, the replacement can not exceed the actual cash value of that which he lost. That is rejected.
As far as his claim for the finance charge for the replacement vehicle, I don't think that's applicable either. Award for the taxes, I don't think is applicable. Taxes are transactional taxes paid at the time that it's acquired.
Now, for the question of exemplary damages. Exemplary damages, which the legislature very carefully chose to *494 use in place of punitive damages, because it, apparently, is so repugnant to that, I guess because it is to the civil law system, are intended obviously, to do exactly what the adjective says. They're intended to make an example of someone, whose conduct falls within the purview of the Statute. In this case, as counsel has observed, if there is, in fact, a judgment against the insurer, the net effect of that would be to put people like Mr. Wilson in a position to where they would become uninsurable. I suspect that that perhaps was the purpose and intent of the legislature to get people like Mr. Wilson off the highway. He certainly should have been removed like a bad tooth from the jaw of society. I would hope that wherever he is, he is not driving.
In any event, this certainly is a golden opportunity for the employment of exemplary damages, and I will use them. I am fully cognizant of the effect that this will have on probably my left rear pocket, and every other insured's left rear pocket, ultimately, if this holds up in the State of Louisiana, and that would be that we will pay for people like Mr. Wilson's premiums. Those of us who don't do that will subsidize him in effect; but I have to follow the law. I feel like this is probably the situation they had in mind, when they enacted the Statute. Mr. Wilson wasit's like they constructed him to fit it. I will award exemplary damages in the amount of eight thousand dollars, in addition to the amount that I have previously awarded.
I will render the judgment against Mr. Wilson; that is, for the entirety of the judgment, against Mr. Wilson and Champion Insurance Company, provided, however, that Champion Insurance Company's liability shall be limited to their liability under the terms of the policy. I don't know what those limits are. Whatever they are, Champion is limited. Their exposure is limited to that amount of money.
If you'll prepare a judgment, gentlemen, I'll sign it.
The fees of the two expert witnesses are fixednot the trooper, I'm not going to fix histhe two other gentlemen, I'll fix their fees at fifty dollars each, and tax it as costs.
After a thorough review and evaluation of the record, we are convinced that the evidence supports the facts found and the reasons assigned by the trial judge, and that the law is in favor of the plaintiff. See, Creech v. Aetna Casualty & Surety Company, 516 So.2d 1168 (La.App. 2 Cir. 1987), writ denied, 519 So.2d 128 (La.1988). We affirm at appellants' costs.
AFFIRMED.
LeBLANC, J., additionally concurs and assigns reasons.
LeBLANC, Judge, concurring.
I concur in the majority opinion for the reasons expressed in Judge Sexton's concurring opinion in Creech v. Aetna Cas. & Sur. Co., 516 So.2d 1168 (La.App. 2d Cir. 1987), writ denied, 519 So.2d 128 (La.1988).