534 So.2d 52 (1988)
Vicky R. BEARD, PlaintiffAppellant,
v.
ALLSTATE INSURANCE COMPANY, et al., DefendantsAppellees.
No. 87-1133.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*53 David H. McCroskey, New Iberia, for plaintiff-appellant.
Roy & Hattan, L. Lane Roy, Davidson, Meaux, Sonnier & McElligott, Jeffrey A. Rhoades, Lafayette, Caffery, Oubre, Dugas & Campbell, Jerry A. Oubre, New Iberia, for defendants-appellees.
Before GUIDRY, STOKER and KING, JJ.
STOKER, Judge.
We have for consideration in this case the question of whether exemplary or punitive damages are covered by an automobile liability policy. The plaintiff alleges she was injured in an automobile accident caused by the negligence of defendant, Robert B. Smith, and that negligence included as a causative factor the fact that Smith was operating his vehicle under the influence of alcohol. If this is true, the plaintiff may recover exemplary damages from Smith under LSA-C.C. art. 2315.4. Allstate Insurance Company (Allstate) is alleged to be Smith's automobile liability insurer. In the trial court Allstate took the position in a motion for partial summary judgment that its policy does not extend coverage to exemplary damages such as are allowed by LSA-C.C. art. 2315.4. Smith also filed a motion for partial summary judgment seeking a ruling to the contrary. The trial court granted a partial summary judgment in favor of Allstate. It held that the policy language covered payment of exemplary damages, but the public policy of the state prohibited liability insurance coverage of punitive or exemplary damages. The costs at the trial level were assessed one-half to plaintiff and one-half to defendant Smith.
The plaintiff, Vicky R. Beard, appealed. Defendant Smith did not appeal. On appeal Allstate urges that the trial court should be affirmed either on the ground (as the trial court held) that liability coverage for punitive or exemplary damages is against public policy or (contrary to the trial court's holding) that the policy simply is not broad enough to cover such damages. The plaintiff seeks in this appeal a reversal of the trial court's judgment to include a reversal of the assessment to her of one-half of the trial court costs.
We hold that the law is in favor of plaintiff-appellant and reverse.

FACTS
The petition alleges that defendant, Robert B. Smith, was driving an automobile while under the influence of alcohol on November 4, 1986 when he rear-ended plaintiffs vehicle. Plaintiff alleges that the intoxication was a cause of the accident and of plaintiffs injuries. None of the facts have been proved as the case has not come to trial. The motions for summary judgment present pure questions of law for which the only material facts are the existence of the policy (about which there seems to be no dispute) and the filing of plaintiffs action.

ASSIGNMENT OF ERRORS
In lieu of an assignment of errors the plaintiff characterizes the issues as follows:
"There are only two basic issues for consideration before this Court: 1) Is it *54 against the public policy of the State of Louisiana to enforce a contractual provision of an automobile liability insurance policy which on its face provides coverage for exemplary damages when an accident and resulting injuries are caused by an intoxicated motorist whose intoxication is a cause in fact of the injuries? and 2) Does a District Court have discretion to assess any portion of court costs against an innocent victim of a tort who opposes a Motion for Summary Judgment filed by the tortfeasor's insurer against the tortfeasor and in turn provides legal representation to the tortfeasor for purposes of contesting the Motion for Summary Judgment?"
In view of the argument presented by Allstate as appellee we not only have the public policy question but the coverage question as well. The appellee urges that, should we find that liability coverage for exemplary damages is not against public policy, we should nevertheless affirm the motion for partial summary judgment on the ground that the policy does not provide coverage.
THE STATUTE AND THE POLICY PROVISION
LSA-C.C. art. 2315.4 states:
Art. 2315.4. Additional damages; intoxicated defendant
"In addition to general and special damages, exemplary damages may be awarded upon proof that the injuries on which the action is based were caused by a wanton or reckless disregard for the rights and safety of others by a defendant whose intoxication while operating a motor vehicle was a cause in fact of the resulting injuries."
The defendant's insurance policy contains the following language for liability coverage:
"Allstate will pay for all damages an insured person is legally obligated to pay because of bodily injury or property damage meaning;
(1) bodily injury, sickness, disease or death to any person, including loss of services; and
(2) damage to or destruction of property, including loss of use."

APPLICABLE LAW ON THE POLICY QUESTIONS
The trial court was correct in holding that the liability policy before us provided coverage for any exemplary damages which might be awarded under LSC.C. art. 2315.4. However, in our view the trial court was not correct in holding that Louisiana public policy prohibits such coverage. These two questions were well considered by the Court of Appeal for the Second Circuit in Creech v. Aetna Cos. & Sur. Co., 516 So.2d 1168 (La.App. 2d Cir. 1987), writ denied, 519 So.2d 128 (La.1988). They were also well considered by this court of appeal in Louviere v. Byers, 526 So.2d 1253 (La.App. 3d Cir.1988), writ denied, 528 So.2d 153 (La.1988), with two justices dissenting. See also Falgout v. Wilson, 531 So.2d 492 (La.App. 1st Cir. 1988), on the docket of the Court of Appeal for the First Circuit.
Both the Creech and Louviere cases found coverage and no violation of public policy. We agree with the holdings in these two cases. In view of the extensive discussion of the various facets of issues which are contained in these two cases, we see no need for further discussion here. Although counsel have presented us with excellent and extensive briefs, we feel that these cases fully answer all the arguments offered. Accordingly, we will reverse the judgment of the trial court which granted the motion for partial summary judgment to Allstate. In fairness to the trial judge, we note that it is not likely that the decision in Creech was available at the time the trial judge handed down reasons for judgment, and Louviere and Falgout had not then been decided.

COSTS
Plaintiff-appellant has asserted an issue concerning the assessment of costs in the trial court. We need not address the specific contention of plaintiff-appellee because, as the prevailing party in this appeal, *55 she is entitled to be relieved of the payment of any costs resulting from trial of the partial motion for summary judgment in the trial court. The defendant tortfeasor, Robert B. Smith, is not an appellant here so we make no provision concerning the one-half of the costs with which he was assessed. Inasmuch as Allstate may be responsible for all of Smith's costs, we express no opinion regarding the onehalf of the costs assessed to Smith.

DECREE
For the reasons assigned above, the judgment of the trial court dated July 6, 1987 which granted a partial summary judgment in favor of defendant, Allstate Insurance Company, is hereby reversed and set aside; it is now ordered, adjudged and decreed that there be judgment herein on the motion for partial summary judgment in favor of plaintiff, Vicky R. Beard, denying the motion. The judgment of the trial court assessing plaintiff with one-half of the costs associated with the proceeding in the trial court relative to motion for partial summary judgment is reversed, and defendant-appellee, Allstate Insurance Company, is hereby assessed with that onehalf of such costs. The costs of this appeal are assessed to defendant-appellee, Allstate Insurance Company.
REVERSED.
GUIDRY, J., concurs and assigns written reasons.
KING, J., concurs for the written reasons assigned by GUIDRY, J.
GUIDRY, Judge, concurring.
I share the views expressed by my colleague, Judge Foret, in his dissent in Louviere v. Byers, 526 So.2d 1253, 1257 (La. App. 3rd Cir.1988), writ denied, 528 So.2d 153 (La. 1988). However, considering our Supreme Court's denial of writs in Louviere, supra, and Creech v. Aetna Casualty & Surety Company, 516 So.2d 1168 (La. App. 2d Cir.1987), writ denied, 519 So.2d 128 (La. 1988), I feel constrained to concur in the result reached in this case.