I2FOIL, Judge.
The only issue presented by this appeal is whether sales tax constitutes an element of market value when measuring damages for the value of a vehicle rendered a total loss in an automobile accident. We find that it does not, and reverse the judgment of the trial court holding otherwise.
FACTS
On June 12, 1995, Peter Clemente was involved in a ear accident with Iserdoil Abram. Clemente was insured by plaintiff, *294 State Farm Mutual Automobile Insurance Company, and Abram was insured by defendant, Midland Risk Insurance Company. The parties stipulated that the accident was" caused by Abram. The Clemente vehicle was declared to be a total loss and State Farm paid property damage under its policy by determining the actual cash value of the vehicle and then adding an additional 8% sales tax to arrive at the total loss. State Farm also paid Clemente $400 under the rental reimbursement coverage.
State Farm then informed Midland Risk of its subrogation rights and requested payment. Midland Risk paid the subrogation claim except for the amount paid for sales tax ($952). State Farm then filed the instant suit to recover that amount.
The only issue before the trial court was whether Midland Risk is liable for the amount of sales tax which was paid by State Farm in settling the property damage claim with its insured. The matter was tried on facts stipulated by the parties. The trial court rendered judgment in favor of State Farm for $952, representing the sales tax in dispute.
Midland Risk filed this appeal, challenging the trial court’s award of 8% sales tax as an element of the market value of a vehicle rendered a total loss. Midland Risk asserts that the measure of damages for the value of a totaled vehicle is its pre-accident market value minus the salvage value. It argues that the sales tax which is paid upon acquisition of a vehicle does not constitute part of its market value. Moreover, Midland Risk points out that, until and Runless the vehicle is replaced, no sales tax is incurred and thus no loss has been suffered.
Surprisingly, our research has disclosed no case directly on point. The jurisprudence simply reflects that the measure of damages for the value of an automobile is the pre-accident market value, less salvage value. Rhodes v. State, Department of Transportation and Development, 94-1758 (La.App. 1 Cir. 12/20/96); 684 So.2d 1134, 1149, writ denied, 97-0242 (La. 2/7/97); 688 So.2d 487. We agree, however, with Midland Risk that market value does not encompass an amount for sales tax.
For these reasons, we reverse the judgment of the trial court. Judgment is hereby rendered in favor of Midland Risk. All costs of this appeal are assessed to State Farm.
REVERSED AND RENDERED.
FITZSIMMONS and FOGG, JJ., dissent and assign reasons.