JiKLEES, Judge.
Plaintiff/app elle e, State Farm Mutual Automobile Insurance Company (hereinafter “State Farm”), as insurer and subrogee of William E. Franklin, filed this lawsuit against defendant/appellants, George Berthelot and his insurer, Southern United Fire Insurance Company (hereinafter “Southern United”). In this petition, State Farm sought repayment in subrogation for the sales tax assessed on Franklin’s automobile, which was *1054 deemed a total loss after being involved in a collision caused by George Berthelot. State Farm tendered to Franklin the full value of the car, including sales tax. Southern United, in turn, compensated State Farm for the appraised value of Franklin’s automobile, but refused to pay the sales tax, an amount of $288.00. On cross Motions for Summary Judgment, the trial court granted State Farm’s motion, denied Southern Mutual’s motion, and mandated that Southern Mutual pay the sales tax. Southern Mutual appeals these determinations and has further applied for Supervisory Writs requesting the Court to grant their motion. After considering argument of counsel and reviewing the pleadings, we affirm the findings of the trial court.

FACTS OF THE CASE:

The facts of this case are quite simple. On April 13, 1995, George Berthelot crossed the dividing line on Jefferson Davis Parkway in New Orleans and collided with William Franklin, who was driving in the opposite direction. As a result, Mr. Franklin’s 1986 Toyota Corolla was deemed unrepairable. State Farm paid Mr. Franklin the cash value of the car, including the sales tax on the assessed worth of the car. Negotiations with Southern United for reimbursement of the car’s value, as insurer of Mr. Berthelot, were successful only to the extent that Southern United paid for the value of the car itself ($3245.00); it refused to |2pay the sales tax. As State Farm was the legal subrogee to Mr. William’s rights under the terms of the insurance contract, State Farm initiated this suit to collect the amount of sales tax.
The court faded to issue any reasons for its determination. The only issue on appeal is whether or not Southern United is liable to State Farm for the sales tax in the cited issue.

WHETHER THE JUDGE COMMITTED MANIFEST ERROR BY REQUIRING SOUTHERN UNITED TO PAY SALES TAX AS A MATTER OF LAW

Standard of Review
Initially, the standard of review for summary judgments must be applied to this action for procedural reliability. The law in Louisiana concerning summary judgments has recently been amended to allow more leniency in granting such motions. Walker v. Kroop, 96-0618, (La.App. 4th Cir. 7/24/96), 678 So.2d 580, stands for the interpretation that the recent amendment continues to require the mover to prove that the other party had not sufficiently shown that a genuine issue of material fact exists, and that summary judgment is required as a matter of law. See id. The legislative intent behind this amendment was to show that summary judgments are favored as a means of decreasing the number of cases burdening court dockets and to allow judges the discretion to appropriately determine cases that do not maintain a single genuine issue of material fact. See Oakley v. Thebault, 96-0937, (La.App. 4th Cir. 11/13/96); 684 So.2d 488. Essentially, the issue is whether the plaintiff has made “a showing to establish the existence of proof of an element essential to his claim, action, or defense on which he will bear the burden of proof at trial.” La.C.C.P. art. 966 C.
In this case, no genuine issues of fact remain. Judging from both parties’ briefs, they share the view that the issue concerning the sales tax should be immediately determined by this Court. Indeed, it does not seem that there will labe any new facts or circumstances that will arise at trial that would have any bearing on the fundamental issue in this case. Both parties have submitted almost every document conceivably relevant to this ease, less the ear itself and this court finds that the trial judge’s determination of the case as a matter of law was proper, as there was no genuine issue of material fact existing in the case.
Sales Tax as an Element of Damages
This case presents an issue that has not yet been determined in the Fourth Circuit and has only been recently decided in another Louisiana Appellate Court. In summarizing Southern United’s argument on appeal, it contends that it has no obligation to pay sales tax on the automobile because sales tax is not an element of “market value” for measuring damages. In the alternative, Southern United argues that the policy between Mr. Williams and State Farm was ambiguous and did not require that the tax *1055 be paid. Conversely, State Farm argues that the general principles of tort law require the repayment of the sales tax and that public policy mandates this outcome.
General Principles of Tort Law Regarding the Determination of Damages
We are first guided by the Louisiana Civil Code in determining the proper measure of property damage on the Williams vehicle. “Every act of man that causes damage to another obliges him by whose fault it happened to repair it.” La. C.C. art. 2315. The primary objective behind awarding general damages is to attempt to restore the injured party to the state that party was in at the time immediately preceding the injury or accident. See Rhodes v. State, 94-1758 (La.App. 1st Cir. 12/20/96), 684 So.2d 1134, 1144, writ denied, 97-0242 (La.2/7/97); 688 So.2d 487. “One injured through the fault of another is entitled to full indemnification for the damages caused thereby.” Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (1971). In other words, the defendant has an obligation to put the plaintiff in the position he would have occupied if the injury or accident has not occurred. See Roman Catholic Church of the Archdiocese of New Orleans v. Louisiana Gas Service Co., 618 So.2d 874, 876 (La.1993).
When Louisiana courts are asked to determine the appropriate amount of property damage, three general tests are employed depending on the circumstances of the case. They include “(1) cost of restoration, if the damaged item can be adequately repaired; (2)value differential, difference in value prior to and subsequent to the damage; (3) cost of replacement, less depreciation, if the value before and after the damage cannot be reasonably determined or if the cost of repair is more than the value.” Coleman, et al. v. Victor, 326 So.2d 344, 347, n. 4 (La.1976) (citations omitted). Furthermore, the trial court is afforded much discretion in assessing damages, and this determination should not be overturned on appellate review unless an abuse of discretion is apparent and glaring. See Davies v. Automotive Casualty Insurance Co., 26,112 (La.App. 2 Cir.12/7/94), 647 So.2d 419, 421. Moreover, appellate review should view the evidence in the light which most favors the judgment to determine whether the trier of fact was clearly wrong. See id. (citing Theriot v. Allstate Ins. Co., 625 So.2d 1337 (La.1993)).
In the case at bar, the Williams car was adjudged to be a total loss. Where a vehicle is totally destroyed or so badly damaged that the cost of repair exceeds its value, the measure of damages is the value of the vehicle less its salvage value. Giles Lafayette, Inc. v. State Farm Mutual Automobile Insurance Co., 467 So.2d 1309, 1310 (La.App. 3 Cir.1985); Bernard v. Fidelity & Casualty Company of New York, 186 So.2d 904 (La. App. 1 Cir.1966).
|5Public Policy Regarding Insurance Contracts
The policies supporting the tenets of insurance support the process of “making the insured whole” after that party incurs injury or property damage. “It is the intent of this Section that all liability policies written within their terms and limits are executed for the benefit of all injured persons and their survivors or heirs to whom the insured is liable; and, that it is the purpose of all liability policies to give protection and coverage to all insureds, ...” La. R.S. 22:655 D. Furthermore, liability insurance policies are issued not only for the protection of the insured, but also for the protection of the public. See Musmeci v. American Automobile Insurance Co., 146 So.2d 496 (La.App. 4 Cir.1962). The basic principle behind insurance is for an insured to guard against catastrophic or unplanned events by timely paying premiums and complying with policy requirements. We cannot see how Mr. Williams falls out of this favored public policy.
Analysis
As stated above, this court has found no direct case support or discussion on this issue in the Fourth Circuit. The precedent cited by the parties is rather weak. Southern Mutual quotes the language of Falgout v. Wilson, 531 So.2d 492, 493 (La.App. 1 Cir.1988), for the proposition that the First Circuit held sales tax to be outside the definition of “market value” for vehicles deemed to be a *1056 total loss. However, this case is inapposite because the question in Falgout was whether an insurance company was liable for exemplary damages. In holding that the insurance company was obligated to pay exemplary damages, the court stressed that the broad terms of the liability policy required this finding. See id. However, Southern United contends that specific language in the ease supports their argument that sales tax should not be awarded; however, this language is merely dicta that was included because the |6First Circuit chose to superimposed the entire trial court opinion into its opinion. The trial court judge’s discussion only gave fleeting notice to sales tax as an award for damages, yet he summarily rejected it as an element of damages because he saw the tax as a “transaction tax.” See id. at 493. No other rationale or case law was given to support the court’s determination.
Southern Mutual also discuses State Farm Insurance Co. v. Midland Risk Insurance Co., 96-CA-1281 (La.App. 1 Cir. 6/20/97), 697 So.2d 293, which holds that sales tax is not. an element of market value. Although the case is directly on point, the First Circuit failed to discuss the law behind their holding. The court briefly stated,
“Surprisingly, our research has disclosed no case directly on point. The jurisprudence simply reflects that the measure of damages for the value of an automobile is the pre-accident market value, less salvage value. Rhodes v. State, Department of Transportation and Development, 94-1758 (La.App. 1 Cir. 12/20/96); 684 So.2d 1134, 1149, writ denied, 97-0242 (La.2/7/97); 688 So.2d 487. We agree, however, with Midland Risk that Market value does not encompass an amount for sales tax.” Id.
Moreover, two of the five judges hearing Midland Risk dissented and assigned reasons which echo the belief that inclusion of the sales tax is required to put the injured person in his/her former position. This Court agrees with the dissenters’ determination of damages. Furthermore, we see no reason why an insured, who has a reasonable expectation of being compensated for the entire value of a totaled car, should be left in a monetarily worse position than before the accident. If Mr. Williams Toyota had only had minor damages, he would have received the entire amount stated on the estimate received from the repair shop or adjuster. These itemized listings normally include sales tax and are paid without debate. Mr. Williams suffered much more than just the monetary loss of his automobile; he underwent the trauma of the initial collision, the inconvenience of being without his automobile, and the burden of having to |7locate and finance a new vehicle. To refuse to allow sales tax as an element of value would add insult to injury to Mr. Williams and many others in his same position. The fact that State Farm is subrogee to the rights of Mr. Williams does not change the holding in this case because a subrogee legally stands in the shoes of the injured party. Therefore, Southern United is obligated to pay State Farm the $288.00 in sales tax as a matter or law.
State Farm Insurance Policy Language
This Court finds that State Farm had a legal obligation to pay its insured, Mr. Williams, the amount of sales tax on his vehicle. Because State farm had subrogation rights under the policy, it enjoys all the rights that Mr. Williams would have had, including the right to sue for full indemnification of loss. Southern United contends that the policy between Mr. Williams and State Farm was ambiguous because State Farm never explicitly stipulated that sales tax was a cost to be compensated to its insureds. However, our holding that Mr. Williams had a legal right to the sales tax compels the same right to flow to State Farm, regardless of any person’s interpretation of the policy. For these reasons, we affirm the trial court’s granting of Summary Judgment to State Farm in this matter.
AFFIRMED.
BYRNES, J., dissents with reasons.