| iBYRNES, Judge,
dissenting with reasons.
The tortfeasor’s obligation to put the injured party in the position he would have occupied if the injury or accident had not *1057 occurred is a measure of damages; it is not a measure of insurance coverage. Therefore, cases cited for this and similar propositions have little bearing on whether the State Farm policy coverage included sales taxes. Although the insured may be obligated to make his tort victim whole, his insurance company need only do so to the extent required by contract (the policy) or by the law/publie policy.
There are many instances in which coverage applies, but the insurance company is not required to make the victim whole. The most common of these is where the policy limits are insufficient to make the victim whole. Therefore, the issue in this case is the extent of State Farm’s coverage, not the extent of Mr. Franklin’s damage.
The collision coverage section of Franklin’s State Farm policy provided that:
The limit of our liability for loss [Emphasis original] to property or any part of it is the lower of:
1. the actual cash value[1]; or
|22. the cost of repair or replacement.
Actual cash value is determined by the market value, age and condition at the same time the loss [Emphasis original] occurred. Any deductible amount that applies is then subtracted.
The first question this court must answer is, “Does this reference to ‘actual cash value’ in the policy include sales tax?” If the answer to this question is, “No,” then we must next ask whether as a matter of law/public policy the insurance company should be required to pay for sales tax regardless of the fact that it is not required to do so by the policy language.
In attempting to answer the first question State Farm attempts to distinguish Falgout v. Wilson, 531 So.2d 492 (La.App. 1 Cir.1988), unit denied 532 So.2d 154 (La.1988) by arguing:
State Farm’s assertion is not that [Southern United] owes sales tax on a new vehicle, but on the vehicle Mr. Franklin lost. Accordingly, [Falgout v. Wilson ] does not apply since it was not faced with and did not address the issue of sales tax as an item of damages on the lost vehicle.
This argument is inconsistent with the other argument State Farm made in favor of the proposition that taxes should be awarded because they are an essential component of the purchase price of any replacement vehicle:
Consider the following hypothetical. After the accident at bar, Mr. Franklin, through some miracle discovered a vehicle for sale that was an exact duplicate of the totaled vehicle.... Amazingly enough, the price of the vehicle was the same exact amount that he received from [southern United], Not believing his luck, Mr. Franklin goes to purchase the vehicle with the money [Southern United] paid him. Unfortunately, Mr. Franklin is not Rabie to purchase the vehicle worth exactly the same as his previous vehicle, because he does not have the money for the sales tax.
This last argument by State Farm has a certain appeal because it is consistent with the principle of putting Mr. Franklin back in the position he was in prior to the time his car was damaged by enabling him to acquire an identical replacement vehicle. However, it cannot be reconciled with State Farm’s attempt to distinguish Falgout v. Wilson (quoted earlier) on the basis that Mr. Franklin was entitled to the sales tax, not on the replacement vehicle, but on the destroyed vehicle.
State Farm would also have this Court ignore State Farm Automobile Insurance Company v. Midland Risk Insurance Company, 96-1281 (La.App. 1 Cir. 6/20/97); 697 So.2d 293, because it “was decided by a mere 3-2 majority.” Regardless, it expresses the opinion of the First Circuit on this issue. Although not binding on this Court, as the opinion of a Court of equal rank that is directly on point, we should consider it eare- *1058 fully in reaching our decision. Other than its holding, State Farm v. Midland Risk offers little depth of discussion of the issue. The majority notes that its research “disclosed no case directly on point” and simply held that “market value does not encompass an amount for sales tax.” But the two dissenting judges did no more than espouse the general damage theory of making the victim whole, which as I have already indicated addresses only the question of damages, not that of coverage.
I instinctively believe that the majority in State Farm v. Midland Risk was correct in concluding that “market value does not encompass an amount for sales tax.” I confess that like that majority in that case, I find no case outside of Falgout v. Wilson, supra, that discusses the issue in a way that is anything more than suggestive. Moreover, I believe that the clear language of the policy indicates that the insurer is not required to replace the vehicle. The policy specifically indicates that coverage is the lesser of actual cash value or cost of replacement. Sales tax, a classic “transaction tax”, is due only at the time of a sale transaction. Such a sale transaction only occurs in this case in the event Mr. Franklin purchases a replacement vehicle. State Farm’s argument as well as that of the two dissenting judges in State Farm v. Midland Risk would be much stronger had the insurance policy mandated that State Farm cover the cost of replacement, which arguably could include sales tax as a part of the cost of the purchase of the replacement. But the policy clearly and unambiguously limits the coverage to the lesser of actual cash value or replacement cost. In language that is -unambiguous the policy makes it clear that when actual cash value is used, full physical replacement is not intended because actual cash value is paid according to the policy only when it is less than replacement cost. Therefore, regardless of the merits of arguing that sales tax is a component of buying a replacement vehicle, sales tax clearly is not a component of actual cash value.
In addition to arguing that actual cash value should include sales tax because it is a necessary expense in purchasing a replacement vehicle, State Farm also argued that actual cash value should include sales tax as part of the damages to the old vehicle because sales tax was part of the original purchase price and when the vehicle was totally destroyed the sales tax is part of Mr. Franklin’s loss: “State Farm’s assertion is not that [Southern United] owes sales tax on a new vehicle, but on the vehicle Mr. Franklin lost.” But market or actual cash value of a destroyed |5vehicle is not based on its original cost (which arguably could include sales tax), but is based instead on what it will bring in the market immediately prior to the time of loss. It is common knowledge that some vehicles are known to “hold their value” or have a better “resale value” than others, although the original cost may be the same. When seen in this light State Farm’s argument collapses as even State Farm would not directly argue that original purchase price is determinative of current market or actual cash value; but that is the inevitable, although unintended, effect of State Farm’s argument. The purchaser of a used vehicle is not so much interested in the original price as he would be interested in the age, condition and what such a vehicle would generally fetch in the market place. The purchaser of a used vehicle would have even less interest in the amount of sales tax paid by the seller of the used vehicle at the time of original purchase. I can’t imagine the purchaser of a used vehicle even asking such a question. I find it even harder to imagine that even if the purchaser would make such an inquiry, that the answer would figure in any way in determining the purchase price of the used vehicle, i.e., it would not be a factor in determining market value.
Moreover, from a value perspective it is not necessary to pay Mr. Franklin the sales tax in order to restore him to his pre-acci-dent state. Had he elected to sell his vehicle immediately prior to the collision, he would not have received sales tax on the transaction. He would have received only market value, i.e., “actual cash value.” Therefore, when cash or market value is the measure of damages, it was not necessary to pay Mr. Franklin the sales tax in order to restore him to “the position he would have occupied if the injury or accident had not occurred” as suggested as a general principle in such cases as *1059 Roman Catholic Church v. Louisiana Gas, 618 So.2d 874, 876 (La.1993).
State Farm’s policy does not give it the option of which coverage to provide. When “actual cash value” is less than replacement cost, the policy expressly limits State Farm’s liability to the lesser amount. Therefore, if State Farm is to recover it must be as a matter of law or public policy as the language of the policy provides no basis for the recovery of sales tax and a component of actual cash value.
As no one has found any statute or case law mandating the payment of sales tax as a component of actual cash or market value, State Farm’s claim is not a matter of law.
As I have demonstrated that the payment of actual cash or market value without sales tax is sufficient to make Mr. Franklin whole from a value perspective, I find no public policy reason to grant State Farm’s claim.
Southern United can be required to pay no more than what State Farm was required to pay. State Farm was not required by contract, law, or public policy to pay the sales tax as part of the cash or market value of the destroyed vehicle. Therefore, Southern United is not required to pay it.
For the foregoing reasons, I would reverse the judgment of the trial court and dismiss State Farm’s claim for sales taxes. Accordingly, I must respectfully dissent.

. "Ordinarily, 'actual cash value’, 'fair market value’, and 'market value’ are synonymous terms." Black’s Law Dictionary, Sixth Edition, in defining “actual cash value." Therefore, the terms will be used interchangeably throughout this dissent. Cf. Kaiser v. Garrus, 617 So.2d 107, 109 (La.App. 4 Cir. 1993), where "actual cash value” and "market value” are used interchangeably.